**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAY 19 2009

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Rita Morris McKeeman,          )<br>                                )<br>         Plaintiff,             )<br>                                )<br>v.                              )   Civil Action No.  09 0926<br>                                )<br>Jan Horbaly, Clerk, United States Court )<br>of Appeals for the Federal Circuit,  )<br>                                )<br>         Defendant.             ) | |

## MEMORANDUM OPINION

The plaintiff has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the complaint.

The complaint consists of a single hand-written page. It does not mention the defendant except in the caption and does not state what the defendant did to cause injury to the plaintiff. It does not identify any injury at all. *See* Compl. Appended to the complaint is another complaint, recently filed and still pending in the United States Court of Federal Claims.

Rule 8 of the Federal Rules of Civil Procedure states the minimum requirements for complaints. Fed. R. Civ. P. 8(a). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which federal jurisdiction rests, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for judgment for the relief sought. The minimum requirements Rule 8 imposes are designed to provide defendants with sufficient notice of the claim or claims being asserted in order to allow defendants to prepare a responsive answer and an adequate defense, and to determine whether the doctrine of *res judicata* applies.

3

*Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977). Further, compliance with Rule 8(a)'s requirements should provide a court with sufficient information to determine whether it has jurisdiction over the claims.

As drafted, the complaint does not make clear what claims plaintiff is pursuing against the defendant or on what grounds, and it does not provide the defendant with sufficient information to prepare a proper defense. In addition, the complaint does not provide sufficient information to determine that jurisdiction exists to hear any of the claims plaintiff intends. Accordingly, the complaint will be dismissed for failure to comply with the requirements of Rule 8.

In addition, a clerk of court enjoys absolute immunity for actions performed as an integral part of the judicial process. *Sindram v. Suda,* 986 F.2d 1459, 1460 (D.C. Cir. 1993) (*per curiam*). Thus it is unlikely that this complaint would survive initial screening, even if it had alleged an injury by the defendant clerk of court.

A separate order accompanies this memorandum opinion.

Date: 8 May 2009

Rosemary M. Colly
United States District Judge